

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,593-01

**EX PARTE CHARLES WAYNE WARDEN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 07-CR-2122-B IN THE 138TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of murder and one count of aggravated assault, and sentenced to sixty-five and fifteen years' imprisonment, respectively. The Thirteenth Court of Appeals affirmed his conviction. *Warden v. State*, No. 13-09-00116-CR (Tex. App.— Corpus Christi–Edinburg Sept. 16, 2010)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel (1) failed to enhance the dash camera video of the offense from the patrol vehicle, (2) failed to locate,

interview, subpoena, and call three eyewitness who had observed the confrontation, (3) failed to call Officer Isidro Calvillo, who observed the confrontation, (4) incorrectly focused on the insanity defense, (5) failed to focus on a defensive strategy of self-defense from multiple assailants, and, (6) failed to raise a timely objection to the State's expert.

Applicant also contends that appellate counsel rendered ineffective assistance for failing to raise the fact that the charge on self-defense should have been granted based on the fact that Applicant had been subjected to multiple attacks by multiple assailants, and for failing to attack the trial court's ruling that self-defense and the defense of insanity were mutually exclusive.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions

of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: April 20, 2016
Do not publish